FILED

JAN 1 5 2019

CA*Y * RAY, COURT CLERK
LINCOLN COUNTY, OKLAHOMA

## IN THE DISTRICT COURT OF LINCOLN COUNTY
## STATE OF OKLAHOMA

THE CITY OF PRAGUE, OKLAHOMA
and PRAGUE PUBLIC WORKS AUTHORITY,

Plaintiffs,

vs.

CAH ACQUISITION COMPANY 7, LLC;
HMC/CAH CONSOLIDATED, INC.;
RURAL COMMUNITY HOSPITALS OF
AMERICA, LLC; EMPOWER H.M.S.; JORGE A.
PEREZ; WCS CORPORATION, INC., successor-
by-merger to CPP WOUND CARE #24; LINCOLN
COUNTY TREASURER AND BOARD OF
COUNTY COMMISSIONERS; and
JOHN DOES 1-10,

Defendants.

Case No. CJ-2019-13

### PETITION

Plaintiffs, the City of Prague, Oklahoma, and Prague Public Works Authority, for their

claims against Defendants, allege and state as follows.

### PARTIES, JURISDICTION AND VENUE

1.      City of Prague, Oklahoma ("Prague"), is an Oklahoma municipal governmental

corporation, created pursuant to Title 11 O.S. § 1-101 *et seq.*

2.      Prague is the owner of the real property upon which the Prague Community

Hospital (the "Hospital") sits, and the building within which the Hospital operates.

3.      Plaintiff Prague Public Works Authority ("PPWA") is an Oklahoma public trust,

created pursuant to Title 60 O.S. § 176 *et seq.*

4.      Defendant CAH Acquisition Company 7, LLC ("CAH 7") is a Delaware limited

liability company that is registered with the Oklahoma Secretary of State to do business in

Oklahoma.  CAH 7 entered into a Lease Agreement with Prague and PPWA for the lease of the



EXHIBIT
7

facility and real property known as the Prague Community Hospital, located at 1322 Klabzuba, Prague, Oklahoma, 74864 (the "Hospital Premises").

5.      Defendant HMC/CAH Consolidated, Inc. ("HMC") is a Delaware corporation with its principal place of business at 1100 Main Street, Suite 2350, in Kansas City, Missouri, 64105 and is the sole member of CAH 7. Upon information and belief, as well as Paragraph 1.12 of the Lease Agreement, HMC owns, controls, and operates CAH 7.

6.      Defendant Rural Community Hospitals of America, LLC ("RCHA") is believed to be a single-member West Virginia limited liability company with its principal office in Kansas City, Missouri. RCHA is the company with the contractual right and duty to manage the Hospital. (*See* Lease Agreement, Paragraph 1.10.)

7.      Defendant Empower H.M.S. ("Empower") is believed to be a Florida limited liability company which conducts business in Oklahoma, and may have a contract with RCHA to manage the Hospital.

8.      Defendants Lincoln County Treasurer and Board of County Commissioners ("County Officers") have an interest in the property which is the subject of this litigation due to unpaid ad valorem taxes.

9.      Defendant Jorge Perez is a managing director of HMC, and is in direct and constant control of HMC and RCHA.

10.     WCS Corporation, Inc. ("WCS"), successor-by-merger to CPP Wound Care #24, sued CAH 7 on December 21, 2018, in the District Court of Lincoln County, State of Oklahoma, Case No. CJ-2018-188, for monies owed under a certain Wound Care Services Agreement.

11.     John Does 1-10 ("John Does") are unknown entities and/or individuals whom Plaintiffs are currently unable to identify despite diligent efforts. The John Does, inside and

2

outside of Oklahoma, are affiliates, subsidiaries, owners, investors, and/or contracting parties with Perez, CAH 7, HMC, and RCHA. The John Does improperly and wrongfully gained monies, and ill-gotten gains, from the Hospital and Plaintiffs.

12.     In this action, Plaintiffs seek, among other things, damages under the Lease Agreement, as well as equitable relief including (i) piercing of the corporate veils of CAH 7, HMC, and RCHA, (ii) an accounting, (iii) an appointment of a receiver over CAH 7, and RCHA in order to continue uninterrupted operations of the Hospital, and (iv) an eviction of CAH 7, HMC, RCHA and Empower. The monetary amount in controversy is less than $75,000.00.

13.     This Court therefore has jurisdiction over the parties and the subject matter of this action.

14.     Venue is proper in this Court, as the contract at issue was being performed in this county, and the Hospital is located in this county.

### FACTUAL BACKGROUND

*The Nature of the Hospital*

15.     The Hospital is a medical facility that provides the City of Prague and surrounding areas with essential health care services, including diagnostic and therapeutic services; 24-hour emergency care; convenient and specialized outpatient resources; laboratory, physical rehabilitation, acute care, swing bed, cardiology, and other services.

16.     The Hospital is designated as a Critical Access Hospital by The Centers for Medicare & Medicaid Services ("CMS"), which is part of the U.S. Department of Health and Human Services.

17.     Critical Access Hospitals ("CAH's") are rural hospitals that maintain no more than 25 inpatient beds and comply with the other applicable federal regulatory requirements.

3

18.    CAH's receive cost-based reimbursement from CMS for Medicare services and from some states for Medicaid services. CAH's are paid for most inpatient and outpatient services to Medicare patients at 101% of reasonable costs.

19.    The reimbursement that CAH's receive is intended to improve their financial performance and thereby reduce hospital closures.

20.    CAH's are required to submit annual cost reports to CMS containing, inter alia, provider information such as facility characteristics, utilization data, costs and charges by cost center (in total and for Medicare), Medicare settlement data, and financial statement data.

21.    Thus, the payments the Hospital receives from CMS are solely to reimburse actual qualifying costs that were previously incurred in the operation of the Hospital. The Defendants should hold all revenues from CMS in trust to pay the Hospitals employees, insurance, vendors, as well as Plaintiffs.

*Operational History of the Hospital*

22.    Prior to its relationship with CAH 7, Prague and PPWA leased the Hospital Premises to Prague Healthcare Alliance ("PHA").

23.    In turn, PHA operated the Hospital for the health and benefit of the City of Prague and the surrounding areas, providing care for the sick, aged, and infirm.

24.    On October 13, 2008, CAH 7 purchased the assets used by PHA to operate the Hospital, and assumed PHA's then existing lease with Prague and PPWA.

25.    To ensure the continued operation of the Hospital, on December 31, 2013, Prague and PPWA executed a new lease agreement with CAH 7 (the "Lease Agreement") that, together with any amendments or extensions, terminated on December 31, 2018.

4

26.    CAH 7 in turn may have contracted with Defendant Empower to manage the Hospital.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (Against CAH 7, HMC, RCHA, and Empower)

Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

27.    The second recital of the Lease Agreement states Plaintiffs' intent in executing the Lease:

> **WHEREAS**, the City and the Authority have determined that it is in the public interest to continue to lease the Hospital Property (as hereinafter defined) to Hospital. . . .

28.    To that end, both **Paragraph 2.1** and **Paragraph 4.1** of the Lease Agreement require CAH 7, HMC, RCHA, and Empower to maintain the Hospital as an ongoing, fully functional "critical access hospital in accordance with a license issued by the Oklahoma Department of Health."

29.    CAH 7, HMC, RCHA, and Empower have failed to timely and fully pay the Hospital's employees their wages and salaries as they become due, threatening the stability of the Hospital and its ability to be maintained as a going concern.

30.    CAH 7, HMC, RCHA, and Empower have failed to timely and fully pay the Hospital's vendors' claims as they become due, threatening the stability of the Hospital and its ability to be maintained as a going concern.

31.    The failure of CAH 7, HMC, RCHA, and Empower to pay the Hospital's employees and the Hospital's vendors is a breach of the Lease Agreement.

32.     Paragraph 3 of the Lease Agreement obligated CAH 7, HMC, RCHA, and Empower to pay $3,000.00 on the 10th day of each month (the "Due Date") as rent for the Hospital Property ("Rent").  Rent payments not paid within 15 days of the Due Date are subject to a late fee of $150.00.

33.     However, CAH 7, HMC, RCHA, and Empower breached Paragraph 3 of the Lease Agreement by failing to timely pay Rent and late fees, and owe Plaintiffs past due Rent in the amount of $39,000.00.

34.     Paragraph 4.7 of the Lease Agreement sets forth the duty of CAH 7, HMC, RCHA, and Empower to maintain customary and essential insurance coverage to operate the Hospital.

35.     However, CAH 7, HMC, RCHA, and Empower breached Paragraph 4.7 of the Lease Agreement by failing to maintain all required insurance coverage in the required amounts.

36.     Paragraph 4.5 of the Lease Agreement states that CAH 7, HMC, RCHA, and Empower "shall be responsible for payment of all taxes, assessments, excises, levies, license fees, permit fees, inspection fees and other authorization fees...".  However, CAH 7, HMC, RCHA, and Empower have breached Paragraph 4.5 by failing to file a personal property tax return for the equipment and other assets at the Hospital.

37.     Paragraph 4.6 of the Lease Agreement states CAH 7, HMC, RCHA, and Empower "will be responsible for all public or private utility services used in connection with the operation of the Hospital on the Hospital Property during the Term, including, without limitation, water, electricity, gas, fiber optics and sewer."  However, CAH 7, HMC, RCHA, and Empower have breached Paragraph 4.6 by failing to timely pay the Hospital's utility bills, which are over two months delinquent, subjecting the Hospital to the risk the its utilities could be shut off.

6

38.     Paragraph 13.11 of the Lease Agreement, as well as other contractual provisions therein, require CAH 7, HMC, RCHA, and Empower to pay the Plaintiffs' attorneys fees for pursuing their rights under the Lease Agreement.

WHEREFORE, Plaintiffs pray for judgment against CAH 7, HMC, RCHA, and Empower on their First Cause of Action for breach of contract in the amount of $39,000.00, together with Plaintiffs' costs and attorney fees, and for such other relief as may be just and proper.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT
### (Against CAH 7, HMC, RCHA, and Empower)

Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

39.     CAH 7, HMC, RCHA, and Empower have historically billed the Rents due Plaintiffs on cost reports to CMS and have received reimbursements for those Rents.

40.     However, CAH 7, HMC, RCHA, and Empower have refused to pay that money representing reimbursement for the Rents to Plaintiffs.

41.     Thus, CAH 7, HMC, RCHA, and Empower have knowingly retained sums of money earmarked for, and belonging to, Plaintiffs.

42.     As a result, CAH 7, HMC, RCHA, and Empower have been unjustly enriched to the detriment of Plaintiffs.

43.     As a consequence of the unjust enrichment of CAH 7, HMC, RCHA, and Empower, Plaintiffs have been damaged in an amount as the proof will show.

WHEREFORE, Plaintiffs pray for judgment against CAH 7, HMC, RCHA, and Empower on their Second Cause of Action for unjust enrichment, together with Plaintiffs' costs, attorney fees, in an amount as the proof will show, and for such other relief as may be just and proper.

**THIRD CAUSE OF ACTION – EVICTION / INJUNCTIVE RELIEF**
**(Against CAH 7, HMC, RCHA, Empower, County Officers and WCS)**

Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

44.     Plaintiffs are entitled to evict CAH 7, HMC, RCHA and Empower by reason of their breaches of the Lease Agreement, and by virtue of the fact that the Lease Agreement expired on December 31, 2018.

45.     However, a sudden eviction or other closure of the Hospital will severely disrupt, and could entirely preclude, the ability of the Hospital to care for the community.

46.     Plaintiffs therefore request that the Court enjoin CAH 7, HMC, RCHA and Empower, as well as their Affiliates (as defined in the Lease Agreement), officers, agents, employees and assigns, (a) from terminating or curtailing the existing services they are providing to Plaintiffs and the Hospital, and (b) from taking, using or dissipating any funds received or to be received related to the operation of the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors, and instead require them to operate in the normal course of business until the Court can hear and determine the Plaintiffs' request for a receiver, as set forth more fully below.

47.     Plaintiffs also request that the County Officers and WCS be temporarily enjoined from enforcing tax liens or judgment liens against the Hospital, or otherwise initiating collection efforts against the Hospital, pending appointment of a Receiver and further order of this Court.

48.     Injunctive relief is necessary to prevent immediate and irreparable harm to Plaintiffs as well as the Hospital, its patients, and the community.

49.    CAH 7, HMC, RCHA and Empower will not be seriously injured by such an injunction, as they currently provide the necessary services, and can be compensated monetarily for continuing to provide those services, should they be entitled to such.

50.    The County Officers and WCS will not be seriously injured by such an injunction, as their right to payment will only be delayed while the Receiver gains control of the affairs of the Hospital.

WHEREFORE, Plaintiffs pray for judgment on their Third Cause of Action against CAH 7, HMC, RCHA and Empower, as well as their Affiliates, officers, agents, employees and assigns, enjoining them (a) from terminating or curtailing the existing services they are providing to Plaintiffs and the Hospital, and (b) from taking, using or dissipating any funds received or to be received related to the operation of the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors, and also enjoining the County Officers and WCS from enforcing tax liens or judgment liens against the Hospital, or otherwise initiating collection efforts against the Hospital, pending appointment of a Receiver and further order of this Court.

## FOURTH CAUSE OF ACTION – ALTER EGO
### (Against Perez)

51.    Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

52.    James and Phyllis Shaffer (the "Shaffers") are believed to be shareholders of Defendant HMC, which owns and operates the following 10 small community hospitals in the Midwest, including four located in Oklahoma (collectively the "CAH Hospitals"):

- CAH Acquisition Company #1, LLC, a Delaware limited liability currently doing business as Washington County Hospital in Plymouth, North Carolina ("CAH 1");

9

- CAH Acquisition Company #2, LLC, a Delaware limited liability company currently doing business as Oswego Community Hospital in Oswego, Kansas ("CAH 2");

- CAH Acquisition Company #3, LLC, a Delaware limited liability company currently doing business as Horton Community Hospital in Horton, Kansas ("CAH 3");

- *CAH Acquisition Company #4, Inc., an Oklahoma corporation currently doing business as Drumright Regional Medical Center in Drumright, Oklahoma ("CAH 4")*;

- CAH Acquisition Company #5, LLC, a Delaware limited liability company currently doing business as Hillsboro Community Hospital in Hillsboro, Kansas ("CAH 5");

- CAH Acquisition Company #6, LLC, a Delaware limited liability company currently doing business as I-70 Community Hospital in Sweet Springs, Missouri ("CAH 6");

- ***CAH Acquisition Company #7, LLC, a Delaware limited liability company currently doing business as Prague Community Hospital in Prague, Oklahoma ("CAH 7")***;

- CAH Acquisition Company #11, LLC, a Delaware limited liability company currently doing business as Lauderdale Community Hospital in Ripley, Tennessee ("CAH 11");

- *CAH Acquisition Company #12, LLC, a Delaware limited liability company currently doing business as Fairfax Community Hospital in Fairfax, Oklahoma ("CAH 12")*; and

- *CAH Acquisition Company #16, LLC, a Delaware limited liability company currently doing business as Haskell County Community Hospital in Stigler, Oklahoma ("CAH 16")*.

53.    On November 7, 2018, the Shaffers sued Defendants Perez, HMC, and other related parties in the United States District Court for the Western District of Missouri (the "Shaffer Lawsuit").

54.    Perez is a managing director of HMC, and is in direct and constant control of HMC and RCHA, as well as each of the CAH Hospitals, including CAH 7.

55.    HMC and the CAH Hospitals, and other entities controlled by Perez, are interrelated companies that Perez operates as a single entity.

56.    In the federal complaint, the Shaffers detail how Perez used HMC, the CAH Hospitals (including Defendant CAH 7) and other entities as instrumentalities to establish and

maintain an illegal billing scheme to bilk public and private insurers out of millions of dollars in payments for laboratory services that were not performed on patients at those hospitals (the "Billing Scheme").

57.     Perez used, and continues to use, the Billing Scheme as a means to enrich himself at the expense of the Insurance Companies, and ultimately at the expense of the CAH Hospitals because private insurers have cut off payer contracts with the CAH Hospitals in large part because of Perez's Billing Scheme.

58.     In fact, the Billing Scheme is presently the target of multiple federal and state court civil lawsuits, including:

- *County of Yadkin v. CAH Acquisition Company 10, LLC et al.*, No. 15-cv-0229, complaint filed (E.D. N.C.)

- *Blue Cross and Blue Shield of Georgia, Inc. et al., v. Jorge Perez et al.*, No. 18-cv-01304, complaint filed (N.D. Ga. December 28, 2018)

- *RightCHOICE Managed Care, Inc. et al. v. Jorge Perez et al.*, No. 18-cv-6037, complaint filed (W.D. Mo. March 30, 2018)

- *Cigna Health And Life Insurance Company v. CAH Acquisition Company 7, LLC ) d/b/a Prague Community Hospital et al.*, No. 18-cv-0183, complaint filed W.D. Mo. March 8, 2018),

as detailed in the Shaffer Lawsuit and the above-cited litigation.

59.     Perez is personally liable for the wrongdoing of CAH 7, HMC, RCHA, Empower, and John Does 1-10 because, among other things: (a) these Defendants have disregarded their respective corporate entities at Perez's direction; (b) Perez is using the entity Defendants to evade statutory, contractual, and tort responsibility; (c) Perez is using the entity Defendants to hinder, delay, and defraud creditors; (d) a fraud would result if the entity Defendants were allowed to shield Perez and their other shareholders and members from liability; (e) the entity Defendants are a sham and are being used by Perez to justify a wrong; (f) Perez commingled funds among the

entity Defendants in a manner that constituted fraudulent transfers of assets and disregarded corporate separateness; and (g) the entity Defendants failed to follow corporate or LLC formalities.

60.     In summary, Perez uses the corporate or LLC form of HMC, RCHA, Empower, and the CAH Hospitals, including CAH 7, to further his unified Billing Scheme under these corporations, keeping profits for himself, and leaving the corporate entities liable for his improper machinations.

61.     Additionally, Perez uses HMC, RCHA, Empower, and the CAH Hospitals, including CAH 7, to bill and/or overbill Medicare and Medicaid, in order to divert reimbursements from CMS to himself and for his benefit, intentionally and improperly leaving landlords, employees, providers, vendors and other creditors of these entities unpaid for goods and services.

WHEREFORE, Plaintiffs, pray for judgment on their Fourth Cause of Action against Perez holding him liable for all the debts of CAH 7, HMC, RCHA, and Empower, as well as their Affiliates, officers, agents, employees and assigns.

### FIFTH CAUSE OF ACTION – ACCOUNTING
### (Against CAH 7, HMC, RCHA, Empower and Perez)

62.     Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

63.     Beginning on or about March 29, 2017, Perez, by himself and through the entities he controls, took control of the books and records of the CAH Hospitals, including CAH 7 and RCHA, and improperly exerted control over both CAH 7's and RCHA's bank accounts.

64.     Perez, using various entities, thereby controlled all funds coming into the HMC Hospitals and all funds going out of those hospitals' accounts, including CAH 7.

65.     Perez has misappropriated and diverted money belonging to CAH 7, and failed to provide to the Hospital's employees, providers, vendors, and other creditors such as Plaintiffs,

funds that were rightfully owing to them, as alleged in this lawsuit as well as in the Shaffer Lawsuit and the other litigation cited above.

66.    Plaintiffs are entitled to know all of the financial transactions affecting the Hospital and to examine the books and records of CAH 7, RCHA, and Empower to determine if the money reimbursed from CMS to CAH 7 was fraudulently transferred to Perez, to Perez's alter egos, or elsewhere.

WHEREFORE, Plaintiffs, pray for judgment on their Fifth Cause of Action requiring Defendants Perez, CAH 7, HMC, RCHA, and Empower to provide Plaintiffs an accounting all of the financial transactions affecting the Hospital since December 31, 2013.

## SIXTH CAUSE OF ACTION – APPOINTMENT OF RECEIVER
### (Against CAH 7, HMC, RCHA, and Empower)

67.    Plaintiffs incorporate each and every allegation of fact or claim set forth above, and further allege as follows:

68.    Every owner of a hospital facility in Oklahoma is required to obtain a license to operate that particular facility from the Oklahoma Department of Health ("ODH").

69.    Each license therefore is tied to a specific location.

70.    For example, CAH 7 presumably owns the ODH license to operate the Hospital located in Prague (the "Prague Hospital License").

71.    However, CAH 7 cannot use the Prague Hospital License to operate a medical facility at any other location.

72.    If CAH 7, HMC, RCHA, Empower, or Perez were to shut the Hospital down, the Prague Hospital License would be forfeited, and the Hospital would have to cease all operations until a new license could be obtained. This could pose an insurmountable problem blocking the reopening of the Hospital.

73.     Additionally, similar to the notion of construction trust funds, the CMS reimbursement payments that CAH 7, MHC, RCHA and/or Empower receive constitute reimbursement/payment for actual goods and services these Defendants received from Plaintiffs, employees, providers, vendors and others.

74.     In addition to these funds, CAH 7, HMC, RCHA and Empower also receive revenues from insurance carriers and from private pay individuals for services performed.

75.     Despite receiving these income sources, CAH 7, HMC, RCHA and Empower have failed to pay their expenses and debts as they become due in the ordinary course of business. Thus, they are by definition insolvent, or are in imminent danger of insolvency.

76.     As set forth above, CAH 7, HMC, RCHA and Empower are used in the improper Billing Scheme, and are improperly diverting revenue sources away from employees, providers, vendors and creditors for the benefit and use of Perez.

77.     Perez, CAH 7, HMC, RCHA and Empower have created an immediate threat to the health and safety of the Hospital's current patients and to those persons who might urgently need the Hospital's medical care and services in the future. This situation creates immediate and irreparable injury to Plaintiffs and jeopardizes patient care.

78.     In order to preserve the Prague Hospital License, and therefore the ongoing operation and viability of the Hospital, and in order to ensure proper distribution of CMS reimbursements and other revenues, Plaintiffs are entitled to the immediate appointment of a receiver to take possession and control of (i) the Prague Hospital License (ii) CAH 7, (iii) RCHA, (iv) HMC, (v) Empower, and (vi) any other entity controlling the Hospital, as well as (vi) all financial accounts used to receive revenues of the Hospital, whether owned by CAH 7, RCHA, HMC, Empower or any other person or entity.

14

79.     Additionally, Perez, CAH 7, HMC, RCHA and Empower should be ordered to immediately turn over to a receiver control and possession of the Prague Hospital License, all financial accounts used to receive revenues of the Hospital, buildings, facilities, fixtures, furnishings, equipment, devices, supplies, medicines, inventory, records, patient information, computer log-ins and passwords, and any and all other information and property that is necessary for the Hospital to provide medical care for its patients and future patients. The receiver should also be specifically directed and authorized to receive all payments to the Hospital from CMS, insurance companies and other payors.

80.     The receivership should continue at least until the Plaintiffs can transfer the Prague Hospital License to another entity.

WHEREFORE, Plaintiffs pray for judgment on their Sixth Cause of Action against Perez, CAH 7, Empower, HMC, RCHA and Empower, appointing a receiver as set forth above, and ordering said Defendants to immediately turn over to the receiver the Hospital's facilities, buildings, fixtures, furnishings, equipment, devices, supplies, medicines, records, inventory, patient information, and any and all other property that is necessary for the Hospital to provide medical care for its patients and future patients.

**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted,

J. Clay Christensen (OBA # 11789)
T. P. Howell (OBA # 10347)
Jeffrey E. Tate (OBA # 17150)
Brock Z. Pittman (OBA # 32853)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
(405) 232-2020  Telephone
(405) 228-1113  Facsimile
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
jeffrey@christensenlawgroup.com
brock@christensenlawgroup.com

- and –

Joseph M. Vorndran (OBA # 21391)
Stuart & Clover, P.L.L.C.
130 N. Broadway, Ste. 100
Shawnee, Oklahoma 74801
(405) 275-0700  Telephone
(405) 275-6805  Facsimile
joe@stuartclover.com

*Attorneys for Plaintiffs*

16