IN THE DISTRICT COURT OF LINCOLN COUNTY
STATE OF OKLAHOMA

THE CITY OF PRAGUE, OKLAHOMA
and PRAGUE PUBLIC WORKS AUTHORITY,

                    Plaintiffs,

vs.

CAH ACQUISITION COMPANY 7, LLC;
HMC/CAH CONSOLIDATED, INC.;
RURAL COMMUNITY HOSPITALS OF
AMERICA, LLC; EMPOWER H.M.S.; JORGE A.
PEREZ; WCS CORPORATION, INC., successor-
by-merger to CPP WOUND CARE #24; LINCOLN
COUNTY TREASURER AND BOARD OF
COUNTY COMMISSIONERS; and
JOHN DOES 1-10,

                    Defendants.

FILED
JAN 15 2019
CINDY KIRBY, COURT CLERK
LINCOLN COUNTY, OKLAHOMA

Case No. CJ-2019-13

## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION, AND BRIEF IN SUPPORT

Plaintiffs, the City of Prague, Oklahoma, and Prague Public Works Authority, hereby moves this Court to enter a Temporary Injunction forbidding Defendants CAH Acquisition Company 7, LLC ("CAH 7"), HMC/CAH Consolidated, Inc. ("HMC"), Rural Community Hospital of America, LLC ("RCHA") and Empower H.M.S. ("Empower"), as well as their Affiliates, officers, agents, employees and assigns, (a) from terminating or curtailing the existing services they are providing to Plaintiffs and the Hospital, and (b) from taking, using or dissipating any funds received or to be received related to the operation of the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors, until further order of this Court. Plaintiffs also ask the Court to temporarily enjoin the Defendants Lincoln County Treasurer and Board of County Commissioners ("County Officers") and WCS Corporation, Inc. ("WCS"), successor-by-merger to CPP Wound Care #24 from enforcing tax liens or judgment liens against the Hospital, or otherwise initiating collection efforts against the

1


EXHIBIT 10

Hospital, until further order of this Court. In support of this Motion, Plaintiff incorporates by reference the allegations in its Petition and the exhibits attached thereto, and further states:

## BRIEF

## FACTS

1. Prague Community Hospital (the "Hospital") is a medical facility that provides the City of Prague and surrounding areas with essential health care services, including diagnostic and therapeutic services; 24-hour emergency care; convenient and specialized outpatient resources; laboratory, physical rehabilitation, acute care, swing bed, cardiology, and other services. On December 31, 2013, Prague and PPWA executed a lease agreement with CAH 7 that terminated on December 31, 2018 (the "Lease Agreement"). The second recital of the Lease Agreement states Plaintiffs' intent in executing the Lease:

> **WHEREAS**, the City and the Authority have determined that it is in the public interest to continue to lease the Hospital Property (as hereinafter defined) to Hospital. . . .

2. To that end, both **Paragraph 2.1** and **Paragraph 4.1** of the Lease Agreement require CAH 7, HMC, and RCHA to maintain the Hospital as an ongoing, fully functional "critical access hospital in accordance with a license issued by the Oklahoma Department of Health." CAH 7 in turn may have contracted with Defendant Empower to manage the Hospital.

3. CAH 7, HMC, RCHA and Empower have failed to timely and fully pay the Hospital's employees their wages and salaries as they become due, threatening the stability of the Hospital and its ability to be maintained as a going concern.

2

4. CAH 7, HMC, RCHA and Empower have failed to timely and fully pay the Hospital's vendors' claims as they become due, threatening the stability of the Hospital and its ability to be maintained as a going concern.

5. The failure of CAH 7, HMC, RCHA and Empower to pay the Hospital's employees and the Hospital's vendors also is a breach of the Lease Agreement.

6. Plaintiffs therefore are entitled to immediate possession of the Hospital.

7. However, a sudden eviction or other closure of the Hospital will severely disrupt, and could entirely preclude, the ability of the Hospital to care for the community.

8. Plaintiffs therefore request that the Court enjoin CAH 7, HMC, RCHA and Empower, as well as their Affiliates (as defined in the Lease Agreement) officers, agents, employees and assigns, from ceasing regular day to day operations of the Hospital, and instead require them to operate in the normal course of business until the Court can hear and determine the Plaintiffs' request for a receiver, filed concurrently herewith.

9. Plaintiffs further request that the Court enjoin CAH 7, HMC, RCHA and Empower, as well as their Affiliates (as defined in the Lease Agreement) officers, agents, employees and assigns, (a) from terminating or curtailing the existing services they are providing to Plaintiffs and the Hospital, and (b) from taking, using or dissipating any funds received or to be received related to the operation of the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors

10. CAH 7, HMC, RCHA and Empower will not be seriously injured by such an injunction, as they currently provide the necessary services, and can be compensated monetarily for continuing to provide those services, should they be entitled to such.

11. Defendants County Officers have an interest in the property which is the subject of this litigation due to unpaid ad valorem taxes.

12. WCS, successor-by-merger to CPP Wound Care #24, sued CAH 7 on December 21, 2018, in the District Court of Lincoln County, State of Oklahoma, Case No. CJ-2018-188, for monies owed under a certain Wound Care Services Agreement.

13. Plaintiffs request that the County Officers and WCS be temporarily enjoined from enforcing tax liens or judgment liens against the Hospital, or otherwise pursuing collection efforts against the Hospital or its assets, pending appointment of a Receiver and further order of this Court.

## ARGUMENT AND AUTHORITIES

This Court, in its discretion, may issue a temporary injunction pursuant to 12 O.S. § 1382 in order to restrain the commission or continuance of some act. The Oklahoma Supreme Court has interpreted this statute to require a court's assessment of:

  (1) the applicant's likelihood of success on the merits,
  (2) possible irreparable harm to the party seeking relief if injunctive relief is denied,
  (3) the relative effect on the interested parties, and
  (4) any public policy concerns arising out of the issuance of injunctive relief.

*Tulsa Order of Police Lodge No. 93 v. City of Tulsa*, 2001 OK CIV APP 153, ¶ 24, 39 P.3d 152; *see also Sharp v. 251st St. Landfill, Inc*, 1991 OK 41, ¶ 22, 868 P.2d 676; *Inergy Propane, LLC v. Lundy*, 2009 OK CIV APP 8, ¶ 41, 219 P.3d 547. These factors are discussed in more detail below.

### A. Plaintiff's likelihood of success on the merits.

It is common knowledge that Plaintiffs' causes of action against Defendants have considerable merit. The Hospital's employees are not being paid, nor are its other obligations, such as rent, utilities, and taxes.

Thus, it is highly unlikely that Defendants will be able to allege any valid defense to Plaintiffs' claims, and even less likely that any such defense would be supported by any facts. Defendants cannot dispute that they are not maintaining and/or jeopardizing the Hospital as a going concern.

### B.    If relief is not granted, Plaintiffs could suffer irreparable harm.

If relief is not granted, Plaintiffs could be irreparably damaged. A sudden eviction or abandonment, or other closure of the Hospital, will severely disrupt, and could entirely preclude, the ability of the Hospital to care for the community. Further, if the Defendants are allowed to siphon away the revenues of the Hospital, it is likely that it will not have the cash necessary to sustain itself as a going concern.

### C.    The relative interests of the parties: the threatened injury outweighs whatever damage the proposed injunction may cause Defendants.

The Court must also "balance the equities of the parties and determine whether the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party." *Sharp v. 251 St. Landfill*, 1991 OK 41, ¶ 22, 810 P.2d 1270, 1277. In this case, the injunction will cause no damage to Defendants, as they currently provide the necessary services, and can be compensated monetarily for continuing to provide those services, should they be entitled to such.

### D.    Public policy concerns arising out of the issuance of injunctive relief.

When there is a public interest in the case, the Court should also consider whether the injunction would be adverse to the public's interest. *Id.* Obviously, the public interest weighs greatly in favor of keeping the Hospital open as a going concern.

## CONCLUSION

Defendants threaten to cause irreparable harm to Plaintiffs by closing or abandoning the Hospital, or by executing on its property. Plaintiffs therefore are entitled to injunctive relief to prevent that outcome.

WHEREFORE, Plaintiffs respectfully pray that this Court enter a temporary injunction pursuant to 12 O.S. § 1382, barring Defendants CAH 7, HMC, RCHA and Empower, as well as their Affiliates, officers, agents, employees and assigns, from (a) from terminating or curtailing the existing services they are providing to Plaintiffs and the Hospital, and (b) from taking, using or dissipating any funds received or to be received related to the operation of the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors, and enjoining the County Officers and WCS from enforcing tax liens or judgment liens against the Hospital, or otherwise pursuing collection efforts against the Hospital or its assets, until further order of this Court.

Respectfully submitted,

*[signature]*

J. Clay Christensen (OBA # 11789)
T. P. Howell (OBA # 10347)
Jeffrey E. Tate (OBA # 17150)
Brock Z. Pittman (OBA # 32853)
Christensen Law Group, P.L.L.C.
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
(405) 232-2020 Telephone
(405) 228-1113 Facsimile
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
jeffrey@christensenlawgroup.com
brock@christensenlawgroup.com

- and –

Joseph M. Vorndran (OBA # 21391)
Stuart & Clover, P.L.L.C.
130 N. Broadway, Ste. 100
Shawnee, Oklahoma 74801
(405) 275-0700 Telephone
(405) 275-6805 Facsimile
joe@stuartclover.com

*Attorneys for Plaintiffs*