# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CITY OF PRAGUE, OKLAHOMA and PRAGUE PUBLIC WORKS AUTHORITY,<br><br>                              Plaintiffs,<br><br>vs.<br><br>CAH ACQUISITION COMPANY 7, LLC; HMC/CAH CONSOLIDATED, INC.; RURAL COMMUNITY HOSPITALS OF AMERICA, LLC; EMPOWER H.M.S.; JORGE A. PEREZ; WCS CORPORATION, INC., successor-by-merger to CPP WOUND CARE #24; LINCOLN COUNTY TREASURER AND BOARD OF COUNTY COMMISSIONERS; and JOHN DOES 1-10,<br><br>                              Defendants. | Case No. 19-CIV-89-G |

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR CIVIL CONTEMPT
**[Related to Doc. 31]**

CHRISTENSEN LAW GROUP, P.L.L.C.

J. Clay Christensen (OBA #11789)
T.P. Howell (OBA #10347)
Jeffrey E. Tate (OBA #17150)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma  73116
Telephone:  (405) 232-2020
Facsimile:   (405) 228-1113
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
jeffrey@christensenlawgroup.com
jon@christensenlawgroup.com
brock@christensenlawgroup.com

*Attorneys for Plaintiffs*

Plaintiffs, the City of Prague, Oklahoma, and Prague Public Works Authority ("Prague" or "Plaintiffs"), by and through their counsel of record, submit this Supplement to *Plaintiffs' Motion for Civil Contempt, with Brief in Support* [Doc. 31] (the "Motion")[1], and pursuant to the Federal Rule of Civil Procedure 65, respectfully move this Court for an Order requiring Defendants, CAH Acquisition Company 7, LLC; HMC/CAH Consolidated, Inc.; Rural Community Hospitals of America, LLC; Empower H.M.S.; and Jorge A. Perez (collectively the "Hospital Defendants"), to appear and show cause why they should not be sanctioned and held in contempt for violations of the temporary restraining order issued in this action by the United States District Court for the Western District of Oklahoma on February 19, 2019 (the "Extended TRO").[2] The Plaintiffs seek that appropriate sanctions be levied against the Hospital Defendants, including *immediate* appointment of a receiver, appropriate contempt proceedings, and for an award of costs and attorneys' fees in favor of the Plaintiffs. In support of this supplement, the Plaintiffs show the Court as follows:

**I.   INTRODUCTION**

Despite representations of "good faith" cooperation made by counsel for the Hospital Defendants and their clients at the hearing (and conference prior to the hearing) on February 19, 2019, relating to Plaintiffs' Emergency Motion for Appointment of Receiver [Doc. 12-1] and Plaintiffs' Motion for Temporary Injunction [Doc. 13-1], the

---

[1] This Supplement to the Motion is for the purpose of informing the Court of additional violations of this Court's Orders and to re-urge the Plaintiffs immediate request for relief. The arguments and authorities contained in the initial Motion are incorporated herein by reference.

[2] A true and correct copy of the Extended TRO is attached hereto as Exhibit 1.

Hospital Defendants continue their theme of wholly disregarding the Orders of this Court. Plaintiffs have learned that the Hospital Defendants' promises to cooperate, but failure to follow through on said promises coupled with their indifference to violating Federal Court Orders is <u>not</u> uncommon for the Hospital Defendants and their affiliated entities. For example, in *Stone Bank v. CAH Acquisition Company 11, LLC*, U.S. District Court for the Western District of Tennessee Western Division, Case No. CV-19-2040, the District Court ordered CAH Acquisition Company 11, LLC, (a related entity of the Hospital Defendants) to cooperate with the Court appointed special master; however, the Order was disregarded by CAH Acquisition Company 11, LLC.[3]  Similarly, here the Hospital Defendants have *categorically* failed to comply with this Court's Extended TRO. Rather, the Hospital Defendants are more interested in illusory promises to cooperate and, while on the other hand, conspiring for an end-around this Court's Orders.

---

[3] *See* Order Granting Plaintiff's Emergency Motion to Compel Production of Information Regarding Accounts for Sequestration of Funds, Reiterating Defendants Obligations to the Special Master and Clarifying the Court's Prior Order Regarding Spending, *Stone Bank v. CAH Acquisition Company 11, LLC*, U.S. District Court for the Western District of Tennessee Western Division, Case No. CV-19-2040; a true and correct copy of the Order is attached hereto as <u>Exhibit 2.</u>

## II. BACKGROUND FACTS

**(a) Procedural History.**

1. Plaintiffs originally filed the above-captioned lawsuit (the "Lawsuit") on January 15, 2019, in the District Court of Lincoln County, State of Oklahoma.

2. Prior to removal, on January 16, 2019, the Plaintiffs obtained a temporary restraining order from the District Court of Lincoln County, Oklahoma ("State Court TRO") [Doc. 1-12].

3. On January 31, 2019, the Hospital Defendants filed a Notice of Removal [Doc 1], which removed the Lawsuit to this Court.

4. Thereafter, on February 7, 2019, this Court issued a temporary restraining order ("TRO") against the Hospital Defendants [Doc. 24].

5. On February 14, 2019, the Plaintiffs filed Plaintiffs' Motion for Civil Contempt, with Brief in Support [Doc. 31] contending that the Hospital Defendants violated the State Court TRO and this Court's TRO by: (a) failing to provide daily written reports and (b) transferring management to iHealthcare, Inc. and failing to inform this Court of such transfer.

6. After a hearing before this Court on February 19, 2019, this Court issued an order extending and modifying the TRO against the Hospital Defendants [Doc. 40] that provided, in pertinent part:

> IT IS ORDERED that the Hospital Defendants, as well as their affiliates, officers, agents, employees, and assigns, are barred and enjoined: (i) from terminating or curtailing the existing services they are providing to Plaintiffs, to the Prague Community Hospital, and to the community; and (ii) from

> taking, using, or dissipating any funds received or to be received related to the operation of the Prague Community Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors, and instead are required to operate the Prague Community Hospital in the normal course of business until further order of the Court.
>
> IT IS FURTHER ORDERED that the Hospital Defendants shall ensure that a daily written report of the income and expenses of Prague Community Hospital is provided to Plaintiffs each day during the pendency of this Order. No payments shall be made by Prague Community Hospital by or through any Hospital Defendant to any owner, officer, agent, servant, employee, or attorney of any Hospital Defendant during the pendency of this Order.
>
> . . .
>
> Defendant CAH Acquisition Company 7, LLC, is to provide electronic bank viewing access to counsel for Plaintiffs on the US Bank account of CAH Acquisition Company 7, LLC.
>
> . . .
>
> The parties shall attempt to obtain authorization for and complete the transfer of Prague Community Hospital's CMS-provider number to the facility's new management entity by February 26, 2019.

Extended TRO, Exhibit 1.

**(b) Violations.**

*First Violation of Extended TRO – Suspension of Hospital Chief Executive Officer.*

7. The Chief Executive Officer, Shelly Dyer, had been employed by the Prague Community Hospital (the "Hospital") for about twenty (20) years.

8. The Extended TRO instructs the Hospital Defendants to operate the Hospital in the normal course of business.

4

9. Within days after entry of the Extended TRO, the Hospital Defendants suspended Shelly Dyer, CEO, on false and frivolous accusations.

10. Upon information and belief, the Hospital Defendants have suggested to employees that they will not tolerate employees providing information to anyone.

11. At any rate, the suspension of a twenty (20) year Hospital employee is clearly not operating the Hospital in the normal course of business. Even more, the Hospital Defendants didn't suspend just any employee, but the Hospital's CEO. Furthermore, no replacement CEO has been named in violation of Federal law and Oklahoma law. *See* argument, *infra*.

12. The Extended TRO instructs the Hospital Defendants that they are "required to operate the Prague Community Hospital in the normal course of business." Extended TRO, Exhibit 1. The Hospital Defendants have failed to comply.

13. Thus, the Hospital Defendants are in direct violation of this Court's Extended TRO.

14. Further, under the Code of Federal Regulations a Hospital must appoint a chief executive officer who is responsible for managing the Hospital. *See* Title 42 C.F.R. § 482.12(c), a copy is attached hereto as Exhibit 3. Likewise, under the Oklahoma Administrative Code pertaining to the Oklahoma State Department of Health in order to obtain a hospital license and continue a license the rules suggest an administrator/chief executive officer is necessary. *See* OAC 310:667-1-3(e) and 667-7-5, a copy is attached hereto as Exhibit 4.

15. Therefore, upon suspension of Shelly Dyer the Hospital Defendants have jeopardized the Hospital's function under Federal law and Oklahoma law.

16. In so doing, the Hospital Defendants have again violated this Court's Extended TRO.

*Second Violation of Extended TRO – Failure to Provide Daily Written Reports.*

17. As of the filing of this Supplement, Plaintiffs' counsel has received only one daily written report of income and expenses of the Hospital from the Hospital Defendants. This report was produced on February 14, 2019, after the Motion for Contempt was filed.

18. Plaintiffs also suggest that the sole report provided was inadequate. While the Hospital Defendants provided debits and credits of some accounts. From the information produced, it is impossible to discern what those debits and credits were actually for. Moreover, the Plaintiffs were not provided with a daily statement evidencing actual daily income and expenses, but rather a bank account statement of funds being credited or debited to accounts.

19. The documents produced also demonstrate that funds are being swept from certain accounts to other unidentified accounts. To the extent those funds relate to the operations of the Hospital, the Hospital Defendants are violating this Court's Extended TRO in yet another way.

20. Since the time of the *first and only* production, Plaintiffs' counsel has *not* received a single additional daily written report of income and expenses as ordered by this Court in its TRO and Extended TRO.

21.     The TRO and Extended TRO provide that the Hospital Defendants "shall ensure" Plaintiffs receive daily written reports. This directive by the Court is not ambiguous, it is not vague, and it is not confusing. Rather it is a clear and concise command to the Hospital Defendants to produce daily reports to Plaintiffs.

22.     Therefore, the Hospital Defendants are in direct violation of this Court's Extended TRO.

***Third Violation of Extended TRO – Failure to Provide Access to US Bank account.***

23.     As of the filing of this Supplement, the Hospital Defendants have failed to provide the counsel for Plaintiffs with access to the US Bank account of CAH Acquisition Company 7, LLC ("CAH 7").

24.     The Extended TRO provides that CAH 7 "is to provide electronic bank viewing access to counsel for Plaintiffs on the US Bank account." Extended TRO, <u>Exhibit 1</u>.

25.     Again, this directive by this Court to CAH 7 to provide the Plaintiffs' counsel with access to electronic viewing of the US Bank account is not ambiguous, vague or confusing.

26.     This is especially concerning because of the financial stress of the Hospital and the potential for improper diversion of funds from the accounts at issue. In other similar matters, the funds have been used improperly even when under the direction of a federal court to limit the use of the funds. *See* Preliminary Report of Special Master, *Stone Bank v. CAH Acquisition Company 11, LLC*, U.S. District Court for the Western District

of Tennessee Western Division, Case No. CV-19-2040; a true and correct copy of the Preliminary Report is attached hereto as <u>Exhibit 5.</u>

27.     Accordingly, the Hospital Defendants are in direct violation of this Court's Extended TRO.

***Fourth Violation of Extended TRO – Failure to Pay Employee Wages, Vendors, and Further Operate in the Normal Course of Business.***

28.     The Hospital Defendants have failed to pay the employees' wages. The Hospital employees have provided services to the Hospital and were promised their wages on February 15, 2019. To date the employees of the Hospital have worked nearly a month without compensation. The next scheduled pay period for the employees' wages is Friday, March 1, 2019.

29.     Non-payment of the employees will force the Hospital to close. Multiple employees have submitted their notices to discontinue employment with the Hospital and more are anticipated.

30.     The Hospital Defendants are indirectly closing the Hospital by electing not to compensate the Hospital's employees for work performed.

31.     Likewise, vendors continue not be paid for invoices received by the Hospital. For instance, the Diagnostic Laboratory of Oklahoma, LLC ("DLO") invoiced the Hospital about $4,000.00 for laboratory services provided. DLO threated to discontinue providing lab services for non-payment. Upon information and belief, DLO has represented that they will continue to provide services until Wednesday, February 27, 2019.

32. Further, non-payment of the DLO invoice, and others, could force the Hospital's Emergency Room and clinic to discontinue providing services to the community. Again, the ramifications of the non-payment of the DLO invoice places the Hospital at risk as well as the CMS-provider number.

33. Upon information and belief, the Hospital Defendants intend to shut down the Hospital's Emergency Room and/or clinic on Wednesday February 27, 2019.

34. Even if the clinic is not closed tomorrow, the vendor for the telephones for the clinic, TouchTone Communications ("TouchTone"), has advised the Hospital that it will discontinue telephone services because of non-payment. Plaintiffs are unaware if payment has been made, if an extension has been granted by TouchTone, or if the clinic telephones will be operating tomorrow. *See* Letter from TouchTone on February 21, 2019, attached hereto as Exhibit 6.

35. The election by the Hospital Defendants to not pay their employees and not pay their vendors is in stark contrast and contradiction with this Court's Extended TRO.

36. This Court ordered the Hospital Defendants to operate the Hospital in its normal course of business. Instead, the Hospital, upon information and belief, is without basic supplies such as toilet paper, which they are instead borrowing from the local school.

37. The Hospital is on divert status (meaning that ambulances no longer bring persons needing emergency treatment to the Hospital), employees are quitting, and vendors are baulking at providing necessary supplies to the Hospital due to non-payment. In short, the Hospital is on the verge of collapse due to the Hospital Defendants' actions in direct contempt of this Court' Extended TRO.

38.     The Hospital Defendants have *categorically* failed to follow this Court's directives.  Accordingly, the Hospital Defendants are in direct violation of this Court's Extended TRO.

## III.     CONCLUSION

The Hospital Defendants continued and blatant disregard of this Court's Extended TRO constitutes civil contempt.  Plaintiffs request that this Court grant an *immediate* receivership in this action without a hearing or with a hearing to be set by this Court very soon.  The Plaintiffs further request that the Hospital Defendants be ordered to appear and show cause why they should not be sanctioned for civil contempt.  Finally, Plaintiffs request that this Court award civil contempt sanctions that it deems appropriate, including reasonable attorneys' fees and costs in favor of Plaintiffs.

CHRISTENSEN LAW GROUP, P.L.L.C.

By: /s/ J. Clay Christensen
J. Clay Christensen (OBA #11789)
T. P. Howell (OBA#10347)
Jeffrey E. Tate (OBA #17150)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
clay@christensenlawgroup.com
lynn@christensenlawgroup.com
jeffrey@christensenlawgroup.com
jon@christensenlawgroup.com
brock@christensenlawgroup.com

*- and -*

Joseph M. Vorndran (OBA #21391)
Breanne M. Gordon (OBA #32508)
Stuart & Clover, PLLC
130 N. Broadway
Shawnee, OK 74801
Telephone: (405) 275-0700
Facsimile: (405) 275-6805
joe@stuartclover.com
breanne@stuartclover.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

        This shall certify that on this 26th day of February, 2019, a true and correct copy of the above and foregoing was sent electronically to the Clerk of the Court using the CM/ECF System and transmittal of a Notice of Electronic Filing to the following counsel registered for ECF in this case:

Peter W. Brolick
Kristopher E. Koepsel
Riggs, Abney, Neal,
Turpen, Orbison & Lewis
502 West Sixth Street
Tulsa, OK 74119
pbrolick@riggsabney.com
kkoepsel@riggsabney.com

*-and-*

Frank M. Smith, Pro Hac Vice
FMS Lawyer, PL
9900 Stirling Road, Suite 226
Cooper City, FL 33024
frank.smith@fmslawyer.com

*Attorneys for CAH Acquisition Company 7, LLC; HMC/CAH Consolidated, Inc.,; Rural Community Hospitals of America, LLC; Empower H.M.S; Jorge A. Perez*

James M. Reed
John T. Richer
Carson K. Glass
Hall, Estill, Hardwick, Gable,
Golden, & Nelson P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103
jreed@hallestill.com
jricher@hallestill.com
cglass@hallestill.com

*Attorneys for WCS Corporation, Inc.*

/s/ J. Clay Christensen
J. Clay Christensen