# EXHIBIT 1

VEDDER PRICE DRAFT
MARCH 31, 2010

## LANDLORD WAIVER

THIS LANDLORD WAIVER (this "Agreement") is executed and delivered as of ~~Apr. 12th~~, 2010 by and among THE CITY OF PRAGUE, OKLAHOMA, an Oklahoma municipal corporation, and THE PRAGUE PUBLIC WORKS AUTHORITY, an Oklahoma public trust created under the authority of and pursuant to the provisions of 60 Okla. Stat. §§ n 176 et seq., as amended (individually and collectively and together with each of their successors and assigns, the "Landlord"), GEMINO HEALTHCARE FINANCE, LLC, a Delaware limited liability company ("Lender"), and CAH ACQUISITION COMPANY 7, LLC, a Delaware limited liability company (together with its successors and assigns, "Borrower").

WITNESSETH:

WHEREAS, Lender and Borrower are each entering into that certain Credit Agreement dated as of the date hereof (as the same may from time to time be amended, restated, modified or supplemented, the "Credit Agreement") and certain other Loan Documents (as defined in the Credit Agreement) providing for loans to or for the benefit of Borrower;

WHEREAS, Borrower is the tenant under a certain Lease Agreement dated August 1, 2007 (the "Lease") between Borrower and Landlord covering the premises located at 1322 Klabzuba Avenue, Prague, Oklahoma 74864 (collectively, the "Premises");

WHEREAS, to secure payment and performance of all of Borrower's obligations and liabilities under the Credit Agreement ("Borrower's Liabilities"), Borrower will grant to Lender a first priority security interest on certain of its assets, whether now owned or existing or hereafter created, acquired or arising (collectively, the "Collateral") located on the Premises;

WHEREAS, Landlord wishes to continue to lease the Premises to Borrower and receive rental payments therefor pursuant to the Lease, and accordingly wishes for Borrower to remain in business and continue to operate the same; and

WHEREAS, Borrower, to remain in business and continue to operate the same, may require loans and/or advances from the Lender pursuant to the Credit Agreement, and Lender, as a condition precedent to making such loans and/or advances, has required that Landlord and Borrower execute and deliver this Agreement.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. Landlord and Borrower represent and warrant that the Lease is presently in full force and effect, all rentals have been paid up through and including February 28, 2010, and, to each party's knowledge, neither the Borrower nor the Landlord is in default thereunder.

2. Landlord subordinates each and every right which Landlord now has or hereafter may have, under the laws of the State of Oklahoma, or by virtue of the Lease, or any renewals, extensions, amendments, modifications, substitutions or replacements thereof ("New Lease") or by virtue of Borrower's occupation of the Premises, to levy or distrain upon, for rent, in arrears, in advance or both or for any monetary obligation arising by reason of default under the Lease or

any New Lease, or to claim or assert any lien, right, claim or title to any or all of the Collateral, which now is or hereafter may be located, on the Premises.

3. Landlord recognizes and acknowledges that Lender's security interest in the Collateral pursuant to the Credit Agreement is superior to any lien, right or claim or title of any nature which Landlord now has or hereafter may have or assert in or to the Collateral by statute, the Lease, any New Lease, any other agreement or otherwise. In connection with the foregoing, Landlord acknowledges and agrees that it shall not exercise any rights that it may have in connection with the Collateral until Borrower's Liabilities are paid and satisfied in full.

4. Concurrently with delivery to Borrower of notice of any default by Borrower under the Lease, Landlord agrees to notify in writing Lender of the occurrence of such default by Borrower. Landlord agrees that Lender, at its sole option and without obligation to either Landlord or Borrower to do so, (a) may cure any monetary default within five (5) business days of receipt of Landlord's notice of default and (b) may cure any non-monetary default within thirty (30) days after receipt of Landlord's notice of default, in which event Landlord shall accept such cure as if the same had been made by Borrower, and Landlord shall not be entitled to terminate this Lease or exercise any other remedy available to Landlord on account of such default.

5. Notwithstanding any provision of the Lease to the contrary, and until Borrower's Liabilities are paid and satisfied in full, Landlord and Borrower expressly acknowledge and agree that the prior written consent of Lender shall be required for any assignment or subletting of Borrower's interest under the Lease. Lender shall not unreasonably withhold or delay its consent to any of the foregoing.

6. Landlord agrees that Lender may, upon prior notice to the Landlord, enter upon the Premises at any time or times, during normal business hours, to inspect or to remove the Collateral therefrom, without charge, except for reimbursement for any physical damage to the Premises caused by such removal. Landlord will not hinder, interfere with or delay Lender's actions in enforcing its liens and remedies with respect to the Collateral and in such case Landlord will make no claim or demand whatsoever against the Collateral. Use or occupancy of the premises by Lender as set forth herein shall not constitute an assumption by the Lender or any Lender of the Lease or of any obligations thereunder. Notwithstanding the foregoing, during any period in which Lender is in possession of any part of the Premises, Lender shall pay to the Landlord rent in an amount equal to the rent amount which is then due (or was to have been paid), by Borrower pursuant to the terms of the Lease, prorated for the actual number of days Lender is in possession of the Premises. The foregoing obligation shall be reduced by the amount of any rent actually received by Landlord from Borrower for such period.

7. If Borrower defaults on its obligations to Lender under the Credit Agreement, Lender may, at Lender's option, and in compliance with the terms of the Lease, enter and take possession of the Premises without terminating the Lease and Landlord will recognize Lender as the lessee under the Lease, entitled to all of the benefits thereof, and Lender will assume in writing such benefits and obligations of Borrower as of the time Lender takes possession thereof. In the event Lender enters and takes possession of the Premises under this section, Lender shall immediately advise Landlord of such action, in writing, and further shall agree in writing to comply with all terms and provisions of the Lease.

2

8. Lender may, without affecting the validity of this Agreement, extend, amend or in any way modify the terms of payment or performance of any of Borrower's Liabilities, without the consent of Landlord and without giving notice thereof to Landlord. This Agreement shall continue in full force and effect until Borrower's Liabilities are paid and satisfied in full.

9. Notice to any party hereunder shall be in writing and shall be sent by certified mail, return receipt requested, to the parties at the following address:

To Lender:   Gemino Healthcare Finance, LLC
One International Plaza Suite 220
Philadelphia, Pennsylvania 19113
Attention: Tom Schneider
Telecopier No.: 610-870-5401

To Borrower:   CAH Acquisition Company 7, LLC
1322 Klabzuba Avenue
Prague, Oklahoma 74864
Attention: _____
Telecopier No.: _____

To Landlord:   [The City of Prague, Oklahoma]
820 N. Jim Thorpe Blvd.
Prague, Oklahoma 74864
Attention: Donna Mobly
Telecopier No.: _____

10. This Agreement shall inure to the benefit of the successors and assigns of Lender and shall be binding upon the heirs, personal representatives, successors and assigns of Landlord and Borrower, upon any successor owner or transferee of the Premises, and upon any purchasers, including any mortgagee, from the Landlord.

11. Landlord agrees to disclose this Agreement to any successor to Landlord's interest in the Premises.

12. In the event of any conflict between the terms of the Lease and the terms of this Agreement, the terms of this Agreement shall control and prevail.

[SIGNATURE PAGES FOLLOW]

CHICAGO/#2052878.2

*Signature Page to Landlord Waiver*

**IN WITNESS WHEREOF**, this Landlord Waiver has been duly executed and delivered as of the day and year specified at the beginning hereof.

**LANDLORD:**

**THE CITY OF PRAGUE, OKLAHOMA**, an Oklahoma municipal corporation

By: _____/s/ Bryan Benson_____
Name: Bryan Benson
Title: Mayor

**THE PRAGUE PUBLIC WORKS AUTHORITY**, an Oklahoma public trust created under the authority of and pursuant to the provisions of 60 Okla. Stat. §§ n 176 et seq., as amended

By: _____/s/ Bryan Benson_____
Name: Bryan Benson
Title: Chairman

*Signature Page to Landlord Waiver*

**BORROWER:**        **CAH ACQUISITION COMPANY 7, LLC**, a Delaware corporation

By:_____
Name:_____
Title:_____