# EXHIBIT 5

**PARTIAL ASSIGNMENT AND TERMINATION OF MANAGEMENT AGREEMENT**

THIS PARTIAL ASSIGNMENT AND TERMINATION OF MANAGEMENT AGREEMENT is between CAH Acquisition Company 7, a Delaware limited liability company (*CAH*), Rural Community Hospitals of America, LLC, a West Virginia limited liability company (*RCHA*), and EmpowerHMS, LLC, a Delaware limited liability company (*EmpowerHMS*).

CAH owns and operates the assets comprising CAH Acquisition Company 7 d/b/a Prague Community Hospital, (the *Hospital*);

CAH and RCHA are among the parties, along with HMC/CAH Consolidated, Inc., a Delaware corporation (*HMC*), to that certain Management Agreement, as amended by that certain First Amendment to Management Agreement (together, the *Existing Management Agreement*);

Pursuant to the Existing Management Agreement, RCHA has certain rights and obligations as the current operator and day-to-day manager of the Hospital's operations (the *Hospital Manager*);

Health Acquisition Company, LLC, West Virginia limited liability company (*HAC*), pursuant to authority granted to HAC under CAH's organizational documents,, wants to replace RCHA with EmpowerHMS as the Hospital Manager;

RCHA consents to such replacement through a partial assignment of its obligations under the Existing Management Agreement to EmpowerHMS, but wants to retain its rights against CAH and/or HMC that exist under the Existing Management Agreement;

Upon the satisfaction of certain conditions set forth herein, RCHA and CAH also want to terminate the Existing Management Agreement and CAH and EmpowerHMS want to sign a replacement management agreement (the *Replacement Management Agreement*), all on the terms and conditions set forth in this agreement.

CAH, RCHA and EmpowerHMS hereby agree as follows:

**1.     Partial Assignment.** As of the Effective Date, as defined herein, RCHA agrees to partially assign, transfer, surrender and relinquish to EmpowerHMS all of RCHA's currently existing contractual obligations under the Existing Management Agreement to perform any services related to the day-to-day management of the Hospital's operations, whether as Hospital Manager or otherwise, and EmpowerHMS agrees to accept such partial assignment of RCHA's obligations, subject to the following conditions:

   a. It is the intention of the parties that EmpowerHMS will replace RCHA in the performance of all management services to CAH and the Hospital, including as Hospital Manager, as of the Effective Date;

   b. CAH, RCHA and EmpowerHMS all agree that EmpowerHMS shall be responsible for the performance of all of RCHA's contractual obligations under the Existing Management Agreement to perform any services related to

1

  the day-to-day management of the Hospital's operations, whether as Hospital Manager or otherwise, after the Effective Date, and further agree that such contractual obligations will be included in the Replacement Management Agreement;

 c. EmpowerHMS shall indemnify RCHA against any and all claims as set forth in Section 5 herein from and after the Effective Date;

 d. RCHA will be provided reasonable access to all books, records, and other information regarding the Hospital, whether maintained by CAH and/or EmpowerHMS, that RCHA may reasonably request from either or both of CAH and/or EmpowerHMS, from time to time, relating to the Existing Management Agreement, the New Management Agreement, or RCHA's or EmpowerHMS' roles as the Hospital Manager and including, without limitation, monthly financial statements and reports regarding the operations of Hospital; and

 e. EmpowerHMS will be provided reasonable operational assistance by RCHA not to exceed ten (10) hours per month during a transitional period that shall continue until December 31, 2017.

  **2.** **Termination of Existing Management Agreement.** On the fulfillment to RHCA's satisfaction of the conditions set forth in Section 3 herein, the Existing Management Agreement shall be terminated as of a certain termination date (the ***Termination Date***), effective April 20, 2017 (the ***Effective Date***). Upon the termination of the Existing Management Agreement on the Termination Date, effective as of the Effective Date, RCHA shall have no further obligations under that agreement.

  **3.** **Conditions Precedent.** The termination of the Existing Management Agreement shall be subject to the fulfillment to RCHA's satisfaction of the following conditions by either of EmpowerHMS, CAH and/or HMC:

 a. EmpowerHMS's acceptance of the partial assignment in Section 1;

 b. Payment by CAH of all payments, expenses or other liabilities pertaining to the Existing Management Agreement owed by RCHA to third parties including, without limitation, expenses to include payroll, payroll taxes, past legal settlements, equipment leases, and to RCHA including, without limitation, accrued but unpaid management fees and expenses under the Existing Management Agreement, or written waiver by RCHA of such payments; and

 c. Subject to RCHA's right of access in Section 1(d) above, agreement by EmpowerHMS to limit any management fee collected pursuant to the New Management Agreement to the reimbursement of expenses only until such time as the Existing Management Agreement is terminated as contemplated herein.

  **4.** **Reservation of Rights to Payments.** Notwithstanding anything to the contrary herein, and until the termination of the Existing Management Agreement on the Termination Date, RCHA reserves the right to collect any and all payments, expenses or other monies due to

RCHA under the Existing Management Agreement through any means deemed necessary in RCHA's sole discretion. The parties agree that no collection efforts for payment of such fees will be undertaken by RCHA until July 1, 2018 in order to have sufficient time to implement new and/or expanded programs to improve financial results. No failure by RCHA to collect, or to attempt to collect, the payments to which it is entitled under the Existing Management Agreement shall be deemed a waiver of such right by RCHA to collect, or to attempt to collect, such payments.

5. **Indemnity.** In consideration of RCHA's agreement to partially assign its obligations pursuant to the Existing Management Agreement to EmpowerHMS and to be replaced as Hospital Manager by EmpowerHMS:

   a. Each of EmpowerHMS and CAH agrees to save, defend, indemnify and hold harmless RCHA and its officers, directors, employees, affiliates, agents, members and advisors (each such person being called an "RCHA Indemnitee") from any losses, damages, liabilities, claims and related expenses (including the fees and expenses of any counsel for any RCHA Indemnitee), and shall indemnify and hold harmless each RCHA Indemnitee from all fees, expenses and time charges for attorneys who are employees of any RCHA Indemnitee, incurred by any RCHA Indemnitee or asserted against any RCHA Indemnitee by any person arising out of, in connection with or resulting from this agreement or from EmpowerHMS's failure to discharge or perform any of RCHA's duties and obligations under the Existing Management Agreement, including, without limitation, claims arising or accruing from and after the Effective Date; provided that such indemnity shall not, as to any RCHA Indemnitee, be available to the extent that such losses, claims, damages, liabilities or related expenses are determined by a court of competent jurisdiction by final and nonappealable judgment to have resulted from the gross negligence or willful misconduct of such RCHA Indemnitee.

   b. RCHA agrees to save, defend, indemnify and hold harmless EmpowerHMS and its officers, directors, employees, affiliates, agents, members and advisors (each such person being called an "EmpowerHMS Indemnitee") from any losses, damages, liabilities, claims and related expenses (including the fees and expenses of any counsel for any EmpowerHMS Indemnitee), and shall indemnify and hold harmless each EmpowerHMS Indemnitee from all fees, expenses and time charges for attorneys who are employees of any EmpowerHMS Indemnitee, incurred by any EmpowerHMS Indemnitee or asserted against any EmpowerHMS Indemnitee by any person arising out of, in connection with or resulting from RCHA's failure to discharge or perform any of RCHA's duties and obligations under the Existing Management Agreement arising or accruing before the Effective Date.

6. **Confidentiality. The parties hereto agree** that all non-public information pertaining to this agreement, the performance of the parties' obligations hereunder and the consummation by the parties of the transactions contemplated hereby shall be treated with confidentiality by the parties and shall not be disclosed to any third parties unless otherwise

required by law. Notwithstanding the foregoing, the parties hereto may disclose such information to their respective shareholders, directors, officers, employees, agents, advisors and representatives who have a need for such information if such persons are informed of the confidential nature of the information and directed to maintain the confidentiality thereof. These confidentiality obligations shall survive and continue indefinitely, without regard to whether the Existing Management Agreement is terminated as contemplated herein. A violation or threatened violation of this section may be restrained through an injunction or similar equitable remedy (in addition to any other remedy available under the law).

7. **Further Assurances.** The parties hereto shall cooperate reasonably with each other in connection with any steps required to be taken as part of their respective obligations under this agreement, and shall (a) furnish upon request to each other such further information, (b) execute and deliver to each other such other documents, and (c) do such other acts and things, all as the other party may reasonably request for the purpose of carrying out the intent of this agreement and the transactions contemplated hereby.

8. **Severability.** If any provision of this agreement is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this agreement will remain in full force and effect. Any provision of this agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

9. **Governing Law; Consent to Jurisdiction.** This agreement shall be governed by, construed and enforced in accordance with the laws of the State of West Virginia, without giving effect to principles of conflicts of laws.

10. **Entire Agreement; Modification.** This agreement supersedes all prior agreements, whether written or oral, between the parties hereto with respect to its subject matter hereof and constitutes a complete and exclusive statement of the terms of the agreement between the parties with respect to its subject matter. This agreement may not be amended, supplemented, or otherwise modified except by a written agreement executed by the party to be charged with the amendment.

CAH, RCHA and EmpowerHMS are signing this Partial Assignment and Termination of Management Agreement on November 15, 2017 to be effective as of the Effective Date.

**EmpowerHMS, LLC**

By: Jorge Perez

Its: CEO/Member

**Rural Community Hospitals of America, LLC**

By: Paul Nusbaum

Its: Owner/Member

CAH, RCHA and EmpowerHMS are signing this Partial Assignment and Termination of Management Agreement on November 15, 2017 to be effective as of the Effective Date.

EMPOWERHMS, LLC

By: Jorge Perez

Its: CEO/Member

RURAL COMMUNITY HOSPITALS OF AMERICA, LLC

By: Paul Nusbaum

Its: Manager

CAH

By: Paul Nusbaum

Its: Managing Director