# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CITY OF PRAGUE, OKLAHOMA et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-19-89-G ) |
| CAH ACQUISITION COMPANY 7, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

On March 4, 2019, the Court granted Plaintiffs'[1] oral request for the temporary appointment of a receiver over Defendant CAH Acquisition Company 7, LLC, and appointed Cohesive Healthcare Management + Consulting, LLC ("Cohesive") to serve in that role. *See* Order of Mar. 4, 2019 (Doc. No. 47). Plaintiffs have also moved in writing for the appointment of a receiver and for injunctive relief. *See* Doc. Nos. 12-1, 13-1; *see also* Doc. Nos. 29, 30, 37, 38, 46.

Having considered the parties' arguments and evidence presented through filings and in two hearings in open court, the Court concludes that ordering the continued appointment of a receiver, as well as associated preliminary injunctive relief, is warranted to ensure proper oversight over the Hospital and safety of its patients. Specifically, the primary purpose of the receivership shall be to achieve an orderly transition of the operations of the Hospital to a succeeding lessee/operator or, absent appointment of a

---

[1] (1) The City of Prague, Oklahoma; and (2) Prague Public Works Authority.

succeeding lessee/operator within a reasonable time, to achieve an orderly conclusion of the Hospital's operations. *See* Order of Mar. 4, 2019; Fed. R. Civ. P. 65, 66; *Cox v. Sullivan*, No. 14-CV-206-TCK-FHM, 2015 WL 5040039, at *1 (N.D. Okla. Aug. 26, 2015); *Star Fuel Marts, LLC v. Sam's E., Inc.*, 362 F.3d 639, 651 (10th Cir. 2004); *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). *See generally SEC v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010) (noting that "the district court has broad powers and wide discretion to determine relief in an equity receivership" (omission and internal quotation marks omitted)); 28 U.S.C. § 959(b) (prescribing that a receiver appointed by a federal court "shall manage and operate the property in his possession" "according to the requirements of the valid laws of the State in which such property is situated"). Plaintiffs' motions (Doc. Nos. 12-1, 13-1) are therefore GRANTED to the extent outlined below. The Extended Temporary Restraining Order previously entered by the Court (Doc. No. 40) shall expire as outlined therein. The terms of this Order shall remain in place until further order of the Court.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. Effective immediately, Cohesive is appointed as receiver (the "Receiver") of (a) CAH Acquisition Company 7, LLC ("CAH 7"), (b) all real and personal property of CAH 7 of any kind or nature, including all government-issued permits, certificates, licenses, and other grants of authority (the "CAH 7 Assets"), as well as (c) all personal property located upon and within the property and facilities described as the "Hospital Premises" in the Emergency Application (Doc. No. 12-1) (the "Other Property").

2. The Receiver shall post a bond and file an executed oath as outlined in the Court's Order of March 4, 2019.

3. Defendant CAH 7 and its agents are ordered immediately to surrender complete control of CAH 7, the CAH 7 Assets, and the Other Property to the Receiver and its agents, to provide the Receiver with all necessary keys, passcodes, passwords, and all other methods of access to computers, equipment, and other devices used for the benefit of the Hospital, to provide uninterrupted access to and control over all email and other IT systems currently used at the Hospital, as well as all books, records, accounts, and documents relating to the Hospital and the operations thereon, and to remit to the Receiver all funds currently in possession of CAH 7 and its agents that are income, revenues, rents, or other proceeds of CAH 7, as well as all other CAH 7 Assets and Other Property.

4. CAH 7 and its agents shall pay to the Receiver, or agent appointed by the Receiver, all funds received after the date of this Order that constitute income, rents, revenues, and other proceeds, including without limitation security deposits and all funds of CAH 7 in any way related to the operations of the Hospital.

5. CAH 7 and its agents shall immediately turn over to the Receiver and its agents all electronic medical-record information, books, records, security deposits, escrows, leases, contracts, computers, and access to all IT, financial, and other information relating to CAH 7, the CAH 7 Assets, the Other Property, and the operations of the Hospital maintained in any form, including electronically, and further including information regarding computers and software programs used by the Hospital or by CAH 7, including its agents, and as well as all administrator access codes, user names, passwords, and other

3

information or authorization necessary to give the Receiver full access to all such information relating to the Hospital.

6. Any and all other persons and entities in possession of or having custody or control over any documents, books, or accounting records relating to the operation of the Hospital, including, but not limited to CAH 7 and its agents, shall deliver them to the Receiver forthwith, and shall account for and pay over to the Receiver any income, revenue, rents, or security deposits related to services performed by or at the Hospital in his/her/its possession. Included within these records shall be all service contracts and utility bills, any and all current or past operating statements related to the Hospital, and any other documents maintained by CAH 7 or its agents pertinent to the management and/or operations of the Hospital.

7. Until further order of this Court, CAH 7 and its agents, on notice of this Order, are hereby restrained and enjoined from interfering in any way with the Receiver's access to the Hospital, CAH 7, the CAH 7 Assets, the Other Property, or with the Receiver's management of the Hospital or its operations, and from terminating or cancelling any licenses, National Provider Number, or Medicare Participating Provider Agreement.

8. CAH 7 and its agents, on notice of this Order, are hereby ordered to reasonably cooperate in the completion and filing of such changes of information and other notices and filings requested by the Receiver pertaining to the Hospital's Medicare and Medicaid agreements, certifications, enrollment, and licensure, including without limitation notices and filings necessary to remove the current managing, controlling,

authorized, and delegated parties, officials, and representatives relating to the Hospital, and substituting the Receiver and its designees.

9. The Receiver is granted, without limitation, the power to:

   a. take control and possession of CAH 7, the CAH 7 Assets, the Other Property, and the Hospital, and to perform all acts necessary and appropriate for the operation and maintenance thereof;

   b. take and maintain possession of all documents, books, records, papers, and accounts relating to CAH 7;

   c. exclude owners, agents, servants, and employees of CAH 7 wholly from the Hospital, including by changing any and all locks;

   d. allow Plaintiffs, their counsel, appraisers, and third-party consultants access to the Hospital, the CAH 7 Assets and the Other Property as the Receiver may deem necessary or appropriate;

   e. exercise any and all rights of CAH 7 in and to any and all license and/or franchise agreements;

   f. operate the Hospital, to the extent not prohibited by applicable regulatory authorities and subject to the licensing requirements of Oklahoma State Department of Health ("OSDH"), as a critical access hospital facility under the Hospital's current name(s), employer identification number(s), National Provider Number, and Medicare Participating Provider Agreement;

   g. retain, hire, or discharge on-site employees at the Hospital;

   h. establish pay rates for on-site employees at the Hospital;

   i. preserve, maintain, and make repairs and alterations to the Hospital;

   j. execute and deliver, as attorney-in fact and agent of CAH 7 or in CAH 7's name, any documents or instruments necessary or appropriate to consummate transactions authorized by order of this Court;

   k. collect and receive all income, revenue, and other proceeds related to the Hospital, including, but not limited to, those paid or payable by the Medicare and Medicaid programs and other payors;

l.       determine and report to the Court and Plaintiffs whether any income, revenue or other proceeds related to the Hospital previously received by CAH 7 or its agents has been used for purposes other than for the maintenance, management, and expenses of the Hospital;

m.       open and review mail directed to CAH 7 and its representatives pertaining to the Hospital;

n.       enter into contracts and agreements necessary or helpful to continue normal operations of the Hospital in the Receiver's name;

o.       amend, modify, or terminate any existing contracts affecting or related to the operations of the Hospital;

p.       exercise all rights of CAH 7 in and to any government-issued permits, certificates, licenses, National Provider Number, Medicare Participation Provider Agreement, or other grants of authority; to take all steps necessary to ensure the continued validity of such permits, certificates, numbers, licenses, and agreements; and to take all steps necessary to comply with all requirements, regulations, and laws applicable to the Hospital;

q.       maintain and exercise all rights of CAH 7 in and to all existing financial and bank accounts, including but not limited to the authority to direct the transfer of any or all funds from such account to another account;

r.       maintain an account for the Hospital with a federally insured banking institution or a savings association with offices in the State of Oklahoma in the Receiver's own name, as Receiver, or in the name of CAH 7 as its Receiver, from which the Receiver shall disburse all payments authorized by order of this Court, if any;

s.       receive and endorse checks pertaining to the Hospital, including without limitation any checks for or related to insurance proceeds, either in Receiver's name or in CAH 7's name;

t.       provide reports when requested by the Court and as reasonably requested by the parties' counsel; and

u.       take all other reasonable actions as may be appropriate or necessary, or as this Court may authorize in furtherance of the duties stated above, until further order of this Court.

10. The Court hereby designates and appoints the Receiver as an authorized official of CAH 7 to hold and preserve in the status quo the National Provider Number and Medicare Participating Provider Agreement, until further order of this Court.

11. The Receiver shall be entitled to reasonable compensation as determined by the Court upon application. Dismissal of this case shall be ineffective to divest the Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver and to discharge the Receiver and any bond.

12. The Receiver shall serve until further order of the Court terminating this receivership. The Receiver may resign the position only upon 30 days' written notice to all parties of record and upon approval of the Court.

13. Upon and after entry of this Order, Hospital Defendants shall not do anything that would disrupt, impair, adversely affect, or otherwise complicate the smooth and orderly transition of CAH 7, the CAH 7 Assets, the Other Property, and control of the Hospital's operations to the Receiver, or continued and ongoing operations of the Hospital by the Receiver, as contemplated by this Order. Without limiting the generality of the foregoing, Hospital Defendants shall not change, amend, alter, modify, terminate, or cancel any of their employee benefit or welfare plans, contracts, accounts or account instructions, passwords, access codes, Medicare, Medicaid, or other payor enrollment or contracts, Electronic Funds Transfer ("EFT") authorization agreements, numbers, and arrangements, National Provider Identifier Numbers, other provider numbers, Electronic Data Interchange ("EDI") Submitter identification numbers, and/or employer identification numbers, e-mail systems, or other IT systems. Defendants shall not terminate or change

the terms of employment of employees working at or for the Hospital, solicit the employees to cease working at or for the Hospital, or otherwise interfere with the employees' continued and ongoing work at or for the Hospital.

14. The Receiver shall be entitled to reimbursement for reasonable out-of-pocket costs and expenses, including the reasonable cost of an attorney, in connection with the performance of its duties as specified herein.

15. The Receiver shall have the power to exercise CAH 7's right to voluntarily petition for bankruptcy protection.

16. The Receiver shall be entitled to facilitate the transition of the critical access hospital operations conducted by the Hospital, as well as the Prague Hospital License if necessary, to a new operator, lessee, or owner as may be chosen by Plaintiffs as owners of the Hospital Premises, upon ultimate approval by OSDH or other governmental agency as may be necessary.

17. The Receiver shall have the right to issue subpoenas to obtain documents and records pertaining to the administration of the receivership estate (the "Estate"), and conduct discovery in this action on behalf of the Estate.

18. The Receiver is authorized in its sole discretion and without further order of the Court to remove any property from the Estate that it deems burdensome or of inconsequential value, whereupon such property shall re-vest in Hospital Defendants.

19. The Receiver shall have the right to borrow funds, upon motion and approval by the Court, as necessary to carry out the duties and responsibilities of the Receiver,

including, without limitation, to defray operating expenses incurred in connection with the administration of the Estate.

20. The Receiver may at any time, by filing a motion upon notice to all parties, seek entry of a further order from the Court for such other and further authority as may be deemed necessary or desirable by the Receiver for the administration, protection, or benefit of the Estate.

21. To the extent permitted by law, the provisions of this Order shall be binding upon and inure to the benefit of the Receiver and all of the parties, their respective successors and assigns, including any trustee hereinafter appointed as a representative of the Estate herein, or of the Estate in any subsequent proceedings under the Bankruptcy Code, and all creditors of the defendants and other parties in interest.

22. All persons or entities, including banks, controlling possession of any property of the Estate, including Medicare and Medicaid payments currently due or to become due, shall cooperate with the Receiver on the direction thereof. Upon presentation of this Order, all persons or entities, including banks, shall turn over all funds, bank accounts, and safety deposit boxes of CAH 7, to the Receiver without delay and delete all designated signors on the bank account.

23. The Receiver may but shall not be obligated in any manner to prepare or file any delinquent, current, or future state or federal income tax returns and shall not be individually held personally responsible for any local, state, or federal income, property, payroll, or other taxes of CAH 7 except for payroll or sales taxes incurred as a result of the

Receiver's administration of the Estate. The Estate shall not constitute a separate or new taxpayer.

24. All parties shall notice the Receiver on any and all filings with the Court and hearing dates.

25. The Court reserves the right to modify and supplement this Order from time to time as may be deemed necessary and advisable.

26. The Receiver shall file a status report with the Court on May 1, 2019, and, thereafter, on the first day of each month on a bimonthly basis (i.e., on July 1, 2019, September 1, 2019,…).

IT IS SO ORDERED this 8th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge