UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CITY OF PRAGUE, OKLAHOMA et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-19-89-G |
| ) | |
| CAH ACQUISITION COMPANY 7, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENT TO**
**MOTION OF RECEIVER TO ADVANCE OPERATING FUNDS**

COMES NOW, Cohesive Healthcare Management and Consulting ("Cohesive"), the duly appointed Receiver in this case, and supplements its Motion of Receiver to Advance Operating Funds filed March 15, 2019 [Dkt. No. 55], pursuant to the Court's direction at the hearing held in this matter on March 25, 2019.

1.  In addition to this pending case in which the Receiver has been appointed, as of the time of the filing of this Supplement, there are two bankruptcy cases pending regarding CAH Acquisition Company 7, LLC (hereafter "CAH 7").

2.  Receiver believes that the first filed bankruptcy case is Case No. 19-01298-5-JNC, in the United States Bankruptcy Court for the Eastern District of North Carolina (hereafter the "North Carolina Bankruptcy"), in which the Voluntary Petition was filed March 21, 2019.

3.  Receiver believes that the second filed bankruptcy case is Case No. 19-11040, in the United States Bankruptcy Court for the Western District of Oklahoma,

(hereafter the "Oklahoma Bankruptcy"), in which the Voluntary Petition was also filed on March 21, 2019.  Cohesive authorized the filing of the Oklahoma Bankruptcy acting in its capacity as Receiver for CAH 7, pursuant to the authority granted by this Court in Paragraph 15 of this Court's Order appointing Cohesive as Receiver dated March 8, 2019 [Dkt. No. 51].

4.  As of the time of the filing of this Supplement, a Motion to Dismiss the North Carolina Bankruptcy has been filed on the grounds that the Voluntary Petition was not properly authorized pursuant to the organizational documents of CAH 7.  *See,* Emergency Motion to Dismiss Chapter 11 Case, with Brief in Support, filed in the North Carolina Bankruptcy on March 26, 2019 [Dkt. No. 15].  According to the Docket Sheet of the North Carolina Bankruptcy, that Motion to Dismiss is set for hearing on March 28, 2019, at 1:00 p.m.

5.  In the Oklahoma Bankruptcy, Cohesive as Receiver has filed a motion to excuse compliance with its obligation to turn over property of the Estate to the Debtor, pursuant to 11 U.S.C. § 543(d)(1).  *See,* Emergency Motion to Excuse Compliance, with Brief in Support, Notice of Opportunity for Hearing and Notice of Hearing, filed in the Oklahoma Bankruptcy on March 22, 2019 [Dkt. No. 9].  A hearing on that motion was to be held on March 28, 2019, at 9:30 a.m.

6.  It is not the intent of Cohesive to violate in any way the automatic stay in bankruptcy in either the North Carolina Bankruptcy or the Oklahoma Bankruptcy.  However, as of the date of the filing of this Supplement, Cohesive remains in possession,

custody, and control of the assets and business of CAH 7 in its capacity as Receiver under this Court's Order dated March 8, 2019 [Dkt. No. 51].

7. Accordingly, and in keeping with the direction of this Court at the hearing held in this case on March 25, 2019, Cohesive as Receiver is filing this Supplement clarifying the relief sought in the Motion of Receiver to Advance Operating Funds filed March 15, 2019 [Dkt. No. 55].

8. The Receiver's powers include those consistent with managing and operating a hospital.

9. At the time the Receiver was appointed, the Hospital employees had suffered, among other issues, missed payroll. The Hospital was also critically short on supplies necessary for safe patient care.

10. As of the date of the filing of this Supplement, the Receiver has advanced $126,374.61 for hospital operations. The advanced funds were used for the following purpose:

    $54,287.80 - Payroll #1

    $56,898.00 - Payroll #2

    $15,188.81 - Critical vendor payments

11. In addition, the operating projection for the next two (2) weeks call for an additional $152,000; broken into $108,654.80 for payroll and $43,345.70 for critical vendors.

12.     The Receiver has taken steps necessary to have receivables directed to the Receiver but, as of this date, the Hospital is still not receiving the receivables associated with services provided.

13.     The Receiver requests that this Court approve the prior expenditures of $126,374.61 by Receiver outlined in Paragraph 10 above as an administrative expense of the Receivership Estate.

14.     The Receiver also requests that the Court approve the expenditure of up to $152,000 to be made by Receiver outlined in Paragraph 11 above as an administrative expense of the Receivership Estate.  By such request, Cohesive does not seek a determination by this Court that such expenditures should be allowed as bankruptcy administrative expenses in either the North Carolina Bankruptcy or the Oklahoma Bankruptcy.

WHEREFORE, the Receiver prays the Court (a) approve expenditure of $126,374.61 advanced thus far to Receiver as an administrative expense of the Receivership Estate, and (2) approve expenditure of up to $152,000 to be made by Receiver outlined in Paragraph 11 above as an administrative expense of the Receivership Estate.

     *s/ Barry L. Smith*
Barry L. Smith, OBA #12482
McAfee & Taft, a Professional Corporation
2 West 2nd Street, Suite 1100
Tulsa, Oklahoma 74103
(918) 587-0000  (918) 574-3131 (Fax)
Barry.Smith@mcafeetaft.com
*Attorney for Receiver with Cohesive Healthcare Management and Consulting*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 28, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all registrants

                              *s/ Barry L. Smith*
                              Barry L. Smith